UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY M.,<br><br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.: 25-cv-1721-AGS-BLM<br><br>**ORDER GRANTING PLAINTIFF'S IFP MOTION (ECF 2)** |

  Plaintiff moves to proceed without paying the court-filing fees in this Social Security appeal. Typically, parties instituting a civil action in a federal district court must pay $402 in filing fees. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff here has no income, only $52 in her bank account, and a car. (*See generally* ECF 2.) This suffices to show that plaintiff cannot pay the filing fees. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("[A] party need not be completely destitute to proceed IFP.").

  Next, the Court must screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In the Social Security context, "to survive the Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision"; (2) "indicate the judicial district in which the plaintiff resides"; (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled"; and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Kristen R. v. Kijakazi*, No. 22-CV-1715-AGS, 2022 WL 17573932, at *1 (S.D. Cal. Nov. 7, 2022).

1    Plaintiff meets all four screening requirements. First, plaintiff exhausted administrative remedies and timely commenced this action given that (a) plaintiff is "seeking court review of the Appeals Council Office of Disability Adjudication and Review decision" that "denied" the claim and (b) plaintiff represents that this "action was commenced within the 60-day period after notice of the Appeals Council denial." (ECF 1, at 2.) Second, plaintiff resides in San Diego, within this judicial district. (*Id.*) Third, plaintiff states the disability's nature and start date: "degenerative disc disease of the lumbar spine, degenerative disease of the bilateral knees, obesity[,] and abdominal hernia," beginning on "November 15, 2021." (*Id.*) Finally, plaintiff identifies the nature of the disagreement with the final decision: it "was not supported by substantial evidence and contained errors of fact and law." (*Id.*)

These allegations survive the "low threshold" for § 1915(e) screening, and plaintiff's IFP motion is **GRANTED**. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

Dated:  August 5, 2025

_____
Hon. Andrew G. Schopler
United States District Judge